## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                **Plaintiff,**<br><br>v.<br><br>FX LATINO INC., FXL INVESTMENT PR LLC, RAMON SALVADOR DELGADO-GOMEZ, A/K/A RAMON S. GOMEZ, WALMY RIVERA-SANTIAGO, HECTOR JAVIER SANTOS-PAGAN, JRH SERVICES, INC., AND INFINITY INVESTMENT AND CONSTRUCTION MANAGEMENT CORP.,<br><br>                **Defendants.** | **Case No. 3:23-cv-01065-GMM**<br><br>**PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S RESPONSE TO DEFENDANT HECTOR JAVIER SANTOS-PAGAN'S MOTION TO STAY CASE** |

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") respectfully submits this Response to Defendant Hector Javier Santos-Pagan's ("Defendant" or "Santos") Motion to Stay Case (Dkt. 16) ("Motion to Stay"). For the reasons set forth below, Plaintiff opposes Defendant's Motion to Stay.

## I.      BACKGROUND

On February 10, 2023, Plaintiff filed a Complaint in this matter naming Santos and others as defendants. Plaintiff's Complaint alleges that Santos and the other defendants violated the Commodity Exchange Act ("Act") and the Regulations promulgated thereunder by engaging in a Ponzi scheme which solicited and accepted at least $17 million in checks and wires, and over $10 million in cash, from more than two thousand individuals and entities in Puerto Rico and the

continental United States for the purported purpose of engaging in a pooled investment in retail foreign currency trading.

On March 22, 2023, Santos filed a Motion for Extension of Time to Respond to Complaint or File Rule 12(B) Motions (Dkt. 5) ("Motion to Extend"), seeking a 30-day extension to respond. On March 22, 2023, the Court granted Santos's Motion to Extend (Dkt. 6).

On April 25, 2023, Santos filed the instant Motion to Stay. In support of his Motion to Stay, Santos avers that "on or about May 14, 2022, [he] was approached by the Federal Bureau of Investigation (FBI) and notified of an ongoing criminal investigation focused on [co-defendant] Gómez's operation of his forex trading business" (Dkt. 16, p. 2). Santos further avers that at that time he was interviewed by the FBI, and that on December 13, 2022, he was again interviewed by both the FBI and "the Assistant United States Attorney assigned to the criminal investigation" (Dkt. 16, p. 3). According to Santos, "[t]he government is demanding that [Santos] admit he is guilty precisely of the exact same conduct alleged in [Plaintiff's] complaint" (*Id.*). Santos states that he "has not agreed to such a resolution" (*Id.*). Santos's Motion to Stay seeks to "stay the instant civil matter pending resolution of the corresponding criminal proceeding" (Dkt. 16, p. 3).

As of the date of this filing, Santos has not been indicted in connection with the criminal investigation referenced in his Motion to Stay.

## II.    ARGUMENT

Federal courts possess the inherent power to stay proceedings for prudential reasons. *Microfinancial Inc. v. Premier Holidays International, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citing *Marquis v. FDIC,* 965 F.2d 1148, 1154–55 (1st Cir.1992)). The pendency of a parallel or related criminal proceeding can constitute such a reason, *id*. (citing *Hewlett–Packard Co. v.*

*Berg,* 61 F.3d 101, 105 (1st Cir.1995)); however, the decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary. *Id.* (citing *Acton Corp. v. Borden, Inc.,* 670 F.2d 377, 380 (1st Cir.1982)). A defendant has no constitutional right to a stay simply because a parallel criminal proceeding is in the works. *Id.* at 77-78 (citing *United States v. Kordel,* 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970) (observing that the Constitution does not provide parties blanket protection from the perils of contemporaneous criminal and civil proceedings)).

The decision to grant or deny a stay involves a balancing of competing interests. The First Circuit has set forth seven factors that typically bear on the decisional calculus: (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; (v) the public interest; (vi) the good faith of the litigants (or the absence of it); and (vii) the status of the cases. *Microfinancial, Inc.* 385 F.3d at 78. An analysis of these factors weighs against granting a stay in this matter.

**A.    Interest of the Plaintiff**

Courts have recognized that plaintiffs generally have a clear interest in the expeditious resolution of a case. *Microfinancial, Inc.* 385 F.3d at 78; *Sea Salt LLC v. Bellerose*, 2020 WL 2475874, at *2, 2020 U.S. Dist. LEXIS 84057, at *4 (D. ME May 13, 2020). As a federal agency charged with the function of protecting the investing public, the CFTC has a strong interest in proceeding expeditiously to protect investors and remedy violations of the Act and Regulations. *See SEC v. Liberty,* 2019 WL 3752907, at *2 (D. ME August 8, 2019) ("The SEC is 'charged

with the function of protecting the investing public' and therefore has a 'substantial interest in the timely resolution of this proceeding.'" (internal citations omitted)).  Obtaining a judgment against Santos will send a strong message to others similarly situated, protect the public through permanent injunctive relief, and vindicate harmed victims.  Conversely, a delay in these proceedings would undermine those interests in that it could cause witness memories to fade and evidence to be lost.  *See SEC v. K2 Unlimited Inc.,* 15 F.Supp.3d 158, 160 (D. MA 2014).

**B.      Hardship to the Defendant**

Santos's Motion to Stay seeks to stay all proceedings in this matter as to Santos "pending resolution of the corresponding criminal proceeding" (Dkt. 16, p. 3). Santos claims that "[w]ithout the stay, he will have to choose between adequately defending his position in this civil matter or waving his constitutional right to not self-incriminate and jeopardize his defense in the parallel criminal proceeding" (Dkt. 16, p. 4). Despite Santos's concerns, however, the fact remains that to date, some five months after Santos's last interview with the U.S. Attorney's office, no indictment has been issued as to Santos.

Where, as here, the party seeking the stay has not been indicted, he bears a particularly heavy burden in establishing that a stay is warranted. *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,* 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001). *See also S.E.C. v. Dresser Indus., Inc.,* 628 F.2d 1368, 1376 (D.C. Cir. 1980) (argument for pre-indictment stay is "a far weaker one"); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,* 811 F. Supp. 802, 805 (E.D.N.Y. 1992) ("Preindictment requests for a stay of civil proceedings are generally denied.").

The fact that no indictment has been handed up diminishes the hardship to Santos. *See Microfinancial, Inc.* 385 F.3d at 79. "Although the possibility of an indictment may make a defendant's position in civil litigation more precarious, the difficulty is less acute than it would

4

be if an indictment actually existed." *Id*. The "strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Sea Salt, LLC,* 2020 WL 2475874 at *2, 2020 U.S. Dist. LEXIS 84075, at *4-5 (quoting *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y 1993)). "While pre-indictment stays of parallel civil proceedings occasionally have been granted, an unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for such extraordinary relief." *Microfinancial, Inc.* 385 F.3d at 79 (internal citations omitted).

Although Santos claims that "an indictment is imminent" (Dkt. 16, p. 3), he does not attribute this conclusion to any direct statement made by the U.S. Attorney's Office, nor does he provide any evidence that the U.S. Attorney has made a charging decision. Any prejudice to Santos from the instant proceeding is thus purely hypothetical at this stage. In the absence of an indictment, Santos's concerns are simply too attenuated to justify entry of a stay given the weight of Plaintiff's and the public's countervailing interests.

## C. The Convenience of Both the Civil and Criminal Courts

The First Circuit recognizes that "trial judges must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets." *Microfinancial, Inc.* 385 F.3d at 79. Where there are no formal charges, "the delay of the civil action could be indefinite and a delay over which the Court has no control." *Sea Salt, LLC,* 2020 WL 2475874, at *2, 2020 U.S. Dist LEXIS 84075, at *6; *see also Microfinancial, Inc,* 385 F.3d at 79.

Santos offers no timeline for how long a stay should last other than "pending resolution of the corresponding criminal proceeding" (Dkt. 16, p. 3). Given that an indictment has not even been issued, a resolution of any criminal proceedings could be months or years

from now. It is also possible that an indictment may never be issued. Issuing a stay under the current circumstances could leave the Court in an indefinite state of limbo. Further, since there is no current parallel criminal proceeding against Santos, there is no efficiency to be gained by leveraging a separate forum to resolve common questions of fact. This all weighs against a stay.

**D.    The Interests of Third Parties**

As alleged in Plaintiff's Complaint, the Ponzi scheme in which Defendant took part obtained over $17 million dollars in checks and wires, and over $10 million in cash, from more than two thousand individuals and entities. At least $13 million was misappropriated and as much as $17 million is still unaccounted for. Plaintiff's prosecution of this matter seeks not only to hold Santos accountable for his role in the scheme, but also to determine the existence and whereabouts of any remaining funds that may be used to provide restitution to the victims of this scheme. These victims, some of whom lost their life savings, therefore have an important interest in the swift resolution of the instant matter. A stay could prejudice these interests by creating circumstances under which these funds might be further concealed and/or depleted. *See SEC v. Chen*, 2016 WL 7444922, at *3 (C.D. CA April 8, 2016) ("investors and the general public will benefit if the SEC enforcement action proceeds through discovery to recover funds allegedly acquired through fraud.").

**E.    The Public Interest**

The First Circuit has stated that there is a "presumption that the public has an interest in prompt resolution of civil cases" and that the defendant bears the burden of "offer[ing] [evidence] to offset that presumption." *Microfinancial, Inc.,* 385 F.3d at 79 n.4. Although the court in *Sea Salt* stated that "[t]he public has an interest not only in the efficiency of the judicial process, but also in the preservation of an individual's ability to defend in a meaningful way

against both criminal charges and civil claims," *Sea Salt, LLC*, 2020 WL 2475874, at *3, 2020 U.S. Dist. LEXIS 84075, at *6-7, Santos has offered no evidence that he cannot meaningfully defend this civil claim, as there is no evidence of an indictment, and thus no pending criminal charges. "In the absence of this evidence, there is nothing in this record to offset the presumption that the public has an interest in the judicial resolution of this civil case in an expedient manner or to suggest that the public has a greater interest in [Defendant's] ability to defend against a hypothetical prosecution than it does in a swift civil proceeding." *Russell v. Chenevert*, 573 F.Supp.3d 391, 402-403 (D. ME 2021).

As there is no pending criminal case, there are no existing, non-speculative public rights to be vindicated through a stay of the instant matter; indeed, the expeditious resolution of the instant matter is, at the moment, the clearest way to preserve the public's interest.

**F.      The Good Faith of the Litigants (or the Absence of It)**

As Santos makes no arguments that Plaintiff has brought the instant matter in bad faith or in order to provide advantage to the criminal authorities in connection with any possible criminal prosecution of Santos, and Plaintiff makes no arguments that Santos has brought his Motion to Stay in bad faith, this factor is not relevant to the Court's consideration.

**G.      The Status of the Cases**

It is true that Santos has requested a stay early in the life of this matter and that, under certain circumstances, this might weigh in favor of a stay. *See Green v. Cosby*, 177 F. Supp. 3d 673 at 681 (D. MA 2016); *cf. Microfinancial, Inc.*, 385 F.3d at 79 (affirming denial of a stay request made "on the brink of trial"). However, Santos has requested a stay before any indictment has been issued, much less the commencement of a criminal trial. In *Green* there were other considerations to take into account: 1) the defendant had actually been indicted; and

2) because it was certain that the criminal case was proceeding, the court saw opportunities to "modify or dissolve the stay based on developments in the criminal case." *Green*, 177 F. Supp. 3d at 681. In the instant matter, without the assurance of a parallel criminal case, these same benefits may not accrue. The mere fact that the civil case is young does not justify a stay in light of mere theoretical prejudice to Santos. See *Russell***,** 573 F.Supp.3d at 403.

### III.   CONCLUSION

As set forth above, a balancing of the First Circuit's seven factors weighs in favor of denying a stay in this matter. Therefore, Plaintiff respectfully submits that Defendant's Motion to Stay should be denied.

Respectfully Submitted,

*/s/ Alan Edelman*

_____

Alan I. Edelman
Government Attorney No. G03803
Senior Trial Attorney
*aedelman@cftc.gov*
Aimée Latimer-Zayets
Chief Trial Attorney
*alatimerzayets@cftc.gov*
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, DC 20581
Telephone: (202) 418-5325 (Edelman)
Telephone: (202) 418-7626 (Latimer-Zayets)
Attorneys for Plaintiff

Dated: May 9, 2023

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all parties or counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

1.      Kendys Pimentel Soto
       315 Ave. Domenech Suite 3
       San Juan, PR, 00918
       PO Box 270184
       San Juan, PR 00927-0184
       Attorney for Hector Javier Santos-Pagan

*/s/ Alan Edelman*